■ SHAWNA PEREZ-ROMAN, Respondent, v FUNDEX CAPITAL CORPORATION et al, Respondents, SILVER PASTA, INC., Appellant, et al., Defendant. [735 NYS2d 410] —In an action to recover damages for personal injuries, the defendant Silver Pasta, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated November 14, 2000, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The defendant Silver Pasta, Inc. (hereinafter Silver Pasta), established its entitlement to summary judgment dismissing the complaint and all cross claims insofar as asserted against it by demonstrating that it did not own, occupy, control, or make special use of the staircase where the plaintiff fell (*see,*

*Allen v Pearson Publ. Empire,* 256 AD2d 528; *Millman v Citibank,* 216 AD2d 278). The plaintiff, in opposition, failed to raise a triable issue of fact that the appellant had any duty to maintain the area in question. Accordingly, the appellant is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.