■ Michael McDonald, Respondent, v Eric D. Mauss, Defendant, Consolidated Edison Company of New York, Inc., et

al., Respondents, and TRI-MESSINE CONSTRUCTION Co., Appellant. (Appeal No. 1.) MICHAEL McDONALD, Respondent, v ERIC D. MAUSS, Defendant, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, and TRI-MESSINE CONSTRUCTION Co. et al., Respondents. (Appeal No. 2.) MICHAEL McDONALD, Respondent, v ERIC D. MAUSS, Defendant, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents, and SAFEWAY CONSTRUCTION ENTERPRISES, INC., Appellant. (Appeal No. 3.) [833 NYS2d 535]—

In an action to recover damages for personal injuries, (1) the defendant Tri-Messine Construction Co. appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 6, 2005, which denied its motion for summary judgment dismissing the complaint, all cross claims, and the third-party complaint insofar as asserted against it, (2) the defendant Consolidated Edison Company of New York, Inc., appeals from an order of the same court, also dated June 6, 2005, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (3) the defendant Safeway Construction Enterprises, Inc., appeals from an order of the same court, also dated June 6, 2005, which denied its motion for summary judgment dismissing the complaint, all cross claims, and the third-party complaint insofar as asserted against it.

Ordered that the orders are reversed, on the law, with one bill of costs, and the motions of the defendants Tri-Messine Construction Co. and Safeway Construction Enterprises, Inc., for summary judgment dismissing the complaint, all cross claims, and the third-party complaint insofar as asserted against them and the motion of the defendant Consolidated Edison Company of New York, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it are granted.

The plaintiff was injured when he lost control of his motorcycle while traveling down 21st Street in Queens. The plaintiff alleged, inter alia, that the accident was the result of a defective road condition created by the defendants Consolidated Edison Company of New York, Inc., Tri-Messine Construction Co., and Safeway Construction Enterprises, Inc. (hereinafter collectively the defendants).

In support of their separate motions, each of the defendants

made a prima facie showing of its entitlement to summary judgment by presenting sufficient evidence to show that it did not create the allegedly defective condition (*see Cendales v City of New York*, 25 AD3d 579 [2006]; *Maloney v Consolidated Edison Co. of N.Y.*, 290 AD2d 540 [2002]; *Verdes v Brooklyn Union Gas Co.*, 253 AD2d 552 [1998]; *Curci v City of New York*, 240 AD2d 460 [1997]). The plaintiff's submissions in opposition to the defendants' motions were based on speculation and surmise and were therefore insufficient to raise a triable issue of fact (*see Regan v City of New York*, 8 AD3d 462 [2004]; *Portanova v Dynasty Meat Corp.*, 297 AD2d 792 [2002]; *Delano v Consolidated Edison Co. of N.Y.*, 231 AD2d 671 [1996]).

In light of our determination herein, we need not reach the parties' remaining contentions.

Motion by the plaintiff-respondent on appeals from three orders of the Supreme Court, Queens County, all dated June 6, 2005, inter alia, to strike material from the joint record on the ground that it is dehors the record. Cross motion by Tri-Messine Construction Co. to enlarge the record on appeal to include the material which the plaintiff-respondent claims is dehors the record. By decision and order on motion of this Court dated May 24, 2006, inter alia, that branch of the motion which was to strike material from the joint record, and the cross motion, were referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and the cross motion, the papers filed in opposition or relation thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike material from the joint record is denied, and the cross motion to enlarge the record to include that material is granted. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.