■ DAVID L. TILLEM, Appellant, v CABLEVISION SYSTEMS CORP. et al., Respondents, et al., Defendant. [832 NYS2d 296]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered March 1, 2006, which granted that branch of the motion of the defendants Cablevision Systems Corp., Cablevision of Southern Westchester, Inc., and CSC Holdings, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff, while riding his bicycle on July 1, 2002 allegedly was thrown to the ground when the bicycle's front wheel became entrapped in a rut on the roadway intersection. The rut was located next to an area of excavation and near a manhole in the street. As a result of being thrown from his bicycle, the plaintiff sustained personal injuries.

The plaintiff commenced this action upon learning that the City of White Plains and the County of Westchester issued permits to the defendants Cablevision Systems Corp., Cablevision of Southern Westchester, Inc., and CSC Holdings, Inc. (hereinafter collectively the defendants) to perform work in the roadway intersection where the accident occurred. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

The defendants established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the affidavit of their construction supervisor. He stated that construction in the roadway intersection at the location where the plaintiff was injured began on July 31, 2002, 30 days after the plaintiff's accident on July 1, 2002. This affidavit was sufficient admissible evidence to establish the defendants' prima facie entitlement to summary judgment on the issue of liability. In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Puello v City of New York,* 35 AD3d 294

[2006]; *Flores v City of New York,* 29 AD3d 356, 359 [2006]; *Gaines v Shell-Mar Foods, Inc.,* 21 AD3d 986, 987 [2005]; *Robinson v City of New York,* 18 AD3d 255 [2005]).

The plaintiff's contention that the motion for summary judgment was premature because he had not fully completed discovery is without merit. The plaintiff failed to indicate the existence of any material fact which would show that the defendants in any way contributed to the happening of the plaintiff's accident and would thereby justify denial of the defendants' motion. Thus, the plaintiff failed to demonstrate the need for additional discovery. Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.