■ Fran Perelstein, Respondent, v City of New York et al., Respondents, and Brooklyn Union Gas Company, Doing Business as Keyspan Energy Delivery New York, et al., Appellants. [841 NYS2d 630]—

In an action to recover damages for personal injuries, the defendants Brooklyn Union Gas Company, doing business as Keyspan Energy Delivery New York, and Keyspan Corporation, appeal from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated November 29, 2006, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellants is granted.

The plaintiff allegedly was injured when she tripped and fell on a defective portion of a public sidewalk located in front of 577 Montgomery Street in Brooklyn. She commenced this action against, among others, Brooklyn Union Gas Company, doing business as Keyspan Energy Delivery New York, and Keyspan Corporation (hereinafter collectively the Keyspan defendants). The Keyspan defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them by tendering proof in admissible form that they had not performed any excavation work at the location of the alleged dangerous condition. The Supreme Court denied the motion. We reverse.

The Keyspan defendants established their entitlement to judgment as a matter of law, and the burden shifted to the plaintiff

to submit admissible evidence establishing a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Belgrave v City of New York,* 6 AD3d 368, 368-369 [2004]). In opposition to the Keyspan defendants' motion, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact (*see Schwartz v City of New York,* 23 AD3d 368 [2005]; *Belgrave v City of New York, supra; Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552, 553 [1998]; *Curci v City of New York,* 240 AD2d 460 [1997]). The plaintiff's contention that the yellow markings on the portion of the sidewalk where she fell indicated that the Keyspan defendants had performed work there at some time in the past was purely speculative and thus, insufficient to raise a triable issue of fact (*see Reyes v City of New York,* 29 AD3d 667, 667-668 [2006]; *Flores v City of New York,* 29 AD3d 356, 358-359 [2006]; *Rendon v Castle Realty,* 28 AD3d 532, 533 [2006]). Crane, J.P., Ritter, Dillon and Carni, JJ., concur.