■ THERESA LOUGHLIN et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and KEYSPAN ENERGY, INC., Appellant. [902 NYS2d 625]—

In an action to recover damages for personal injuries, etc., the defendant Keyspan Energy, Inc., appeals, as limited by its brief and a letter dated January 4, 2010, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered May 12, 2008, as denied that branch of its cross motion which was for summary judgment dismissing the cross claim asserted against it by the defendant Rainbow Plus, Inc., doing business as Glendale Bake Shop.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and that branch of the cross motion of the defendant Keyspan Energy, Inc., which was for summary judgment dismissing the cross claim asserted against it by the defendant Rainbow Plus, Inc., doing business as Glendale Bake Shop, is granted.

On March 9, 2005, the injured plaintiff, Theresa Loughlin, allegedly tripped and fell on a broken area of sidewalk located on

Grand Avenue in Queens. The plaintiffs commenced this action against, among others, Keyspan Energy, Inc. (hereinafter Keyspan), to recover damages for its alleged negligent maintenance and repair of the subject sidewalk. After discovery was completed, Keyspan cross-moved, inter alia, for summary judgment dismissing all cross claims asserted against it. The defendant, Rainbow Plus, Inc., doing business as Glendale Bake Shop (hereinafter Rainbow), which had asserted a cross claim against Keyspan, did not oppose Keyspan's cross motion. In the order appealed from, the Supreme Court, among other things, denied that branch of Keyspan's cross motion which was for summary judgment dismissing Rainbow's cross claim insofar as asserted against it. Thereafter, the Supreme Court granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see Loughlin v City of New York*, Sup Ct, Queens County, Aug 25, 2009, Flug, J., index No. 24126/05), and the plaintiffs discontinued the action against Keyspan and the defendants Vincent Traub and Emmy Traub. Since the action was not discontinued against Rainbow, Rainbow's cross claim against Keyspan remains extant.

The Supreme Court erred in denying that branch of Keyspan's cross motion which was for summary judgment dismissing Rainbow's cross claim insofar as asserted against it. Contrary to the Supreme Court's finding that discovery was incomplete (*see* CPLR 3212 [f]), relevant discovery had, in fact, been completed, and no party opposed Keyspan's cross motion on that ground. Moreover, Rainbow defaulted, as it failed to submit any papers in opposition to Keyspan's cross motion.

With respect to the merits of its cross motion, Keyspan demonstrated its prima facie entitlement to judgment as a matter of law. Through the depositions of party witnesses, work permits, and a photograph depicting the accident location, Keyspan established that, prior to the date of the injured plaintiff's accident, it had not performed construction or repair at or on the portion of the sidewalk where the plaintiff fell (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *McDonald v Mauss*, 38 AD3d 728, 729-730 [2007]). The plaintiffs, who were the only parties opposing Keyspan's cross motion, failed to raise a triable issue of fact (*see Belgrave v City of New York*, 6 AD3d 368 [2004]). Since Keyspan was entitled to summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not negligent as a matter of law, it was entitled to summary judgment dismissing the cross claim for contribution asserted against it by Rainbow (*see Perez-Roman v*

*Fundex Capital Corp.*, 289 AD2d 464, 464-465 [2001]). Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.