■ CARMELA GUELI, Appellant, v CITY OF NEW YORK et al., Defendants, and LAWS CONSTRUCTION CORP., Respondent. [938 NYS2d 618]—

The plaintiff alleges that on July 2, 2006, she sustained injuries when she tripped and fell over a hole on the roadway on 86th Street between 24th Avenue and Bay 35th Street in Brooklyn. She thereafter commenced this action against, among others, Laws Construction Corp. (hereinafter Laws), alleging that Laws negligently performed certain construction work in the general area near the accident site prior to the date of her alleged accident, which created the roadway defect over which she allegedly tripped. Laws moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it.

In support of its motion, Laws submitted an affidavit from one of its employees, who confirmed that Laws had no records indicating that it performed any work at the accident location prior to the date of the plaintiff's alleged accident and that documents from the City of New York, which were appended to his affidavit, showed that Laws began working near the accident location on August 31, 2006, which was nearly two months after the plaintiff's alleged accident. Such evidence demonstrated Laws's prima facie entitlement to judgment as a matter of law (*see Perelstein v City of New York*, 43 AD3d 894 [2007]; *Tillem v Cablevision Sys. Corp.*, 38 AD3d 878 [2007]; *Flores v City of New York*, 29 AD3d 356, 358 [2006]). In opposition, the

plaintiff failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Perelstein v City of New York*, 43 AD3d at 895; *Flores v City of New York*, 29 AD3d at 358-359).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of Laws's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Dickerson, Belen and Cohen, JJ., concur.