■ JOSEPH HICKMAN, Appellant, v ANNA E. MEDINA et al., Defendants, and BROOKLYN UNION GAS COMPANY, Doing Business as KEYSPAN ENERGY DELIVERY NEW YORK et al., Respondents. [980 NYS2d 834]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated June 8, 2012, as granted that branch of the motion of the defendants Brooklyn Union Gas Company, doing business as Keyspan Energy Delivery New York, and Keyspan Energy Corporation which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries when he slipped and fell as a result of a depression in a sidewalk that was near a gas valve cap. The plaintiff thereafter commenced this action against, among others, the defendants Brooklyn Union Gas Company, doing business as Keyspan Energy Delivery New York, and Keyspan Energy Corporation (hereinafter together the Keyspan defendants). The Keyspan defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that they did not create the alleged defect at issue and that the alleged defect did not fall within an area extending 12 inches outward from the perimeter of their gas valve cap. The Supreme Court granted that branch of the Keyspan defendants' motion.

" '[L]iability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property' " (*Aversano v City of New York*, 265 AD2d 437 [1999], quoting *Turrisi v Ponderosa, Inc.*,

179 AD2d 956, 957 [1992]). Pursuant to 34 RCNY 2-07 (b), "owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending twelve inches outward from the perimeter of the hardware" (34 RCNY 2-07 [b] [1]; *see Flynn v City of New York*, 84 AD3d 1018, 1019 [2011]). The Keyspan defendants demonstrated, prima facie, that they did not perform any work in the area where the accident occurred and that they did not create the alleged defect (*see Loughlin v City of New York*, 74 AD3d 757, 758 [2010]; *Garcia v City of New York*, 53 AD3d 644 [2008]; *Jones v City of New York*, 45 AD3d 735 [2007]; *Cendales v City of New York*, 25 AD3d 579, 580-581 [2006]). The Keyspan defendants also demonstrated, prima facie, that the alleged depression in the sidewalk was more than 12 inches away from the perimeter of their gas valve cap and, thus, that the alleged defect fell beyond their zone of responsibility (*see* 34 RCNY 2-07 [b] [1]; *cf. Cruz v New York City Tr. Auth.*, 19 AD3d 130, 131 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the Keyspan defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Leventhal, Austin and Roman, JJ., concur.