■ Francisca Lara, Respondent, v City of New York et al., Respondents, and National Grid et al., Appellants. [24 NYS3d 126]—

In an action to recover damages for personal injuries, the defendants National Grid, National Grid USA, National Grid USA Service Company, Inc., and Keyspan Energy Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated February 14, 2014, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendants National Grid, National Grid USA, National Grid USA Service Company, Inc., and Keyspan Energy Corporation for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff allegedly was injured when she tripped and fell on an alleged dangerous condition on a sidewalk located in Brooklyn. She commenced this action against, among others, National Grid, National Grid USA, National Grid USA Service Company, Inc., and Keyspan Energy Corporation (hereinafter collectively the National Grid defendants).

The National Grid defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them by submitting evidence demonstrating that they had not performed any work at the location of the alleged dangerous condition (*see Gueli v City of New York*, 92 AD3d 840 [2012]; *Loughlin v City of New York*, 74 AD3d 757 [2010]; *Furey v Sayville Union Free School Dist.*, 36 AD3d 588 [2007]). In opposition, the plaintiff and the opposing codefendants failed to submit evidence sufficient to raise a triable issue of fact (*see Cruz v Keyspan*, 120 AD3d 1290 [2014]; *Jones v City of New York*, 45 AD3d 735 [2007]; *Perelstein v City of New York*, 43 AD3d 894 [2007]). The affidavit of Dominick Leo, submitted by the plaintiff, should not have been considered in opposition to the motion, as the plaintiff failed to identify him as a notice witness prior to filing the note of issue (*see Rizos v Galini Seafood Rest.*, 89 AD3d 1004 [2011]; *Muniz v New York City Hous. Auth.*, 38 AD3d 628 [2007]). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.