■ LOLA LOLITA BURTON, as Representative of the Estate of SEMROY BURTON, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and KEYSPAN ENERGEY DELIVERY, Appellant. [60 NYS3d 220]—

In an action to recover damages for personal injuries, the defendant Keyspan Energy Delivery appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated December 4, 2015, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Keyspan Energy Delivery for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

Semroy Burton allegedly was injured when the vehicle that he was driving struck a pothole on Atlantic Avenue in Brooklyn. He commenced this personal injury action against the City of New York, the New York City Department of Transportation, and Keyspan Energy Delivery (hereinafter Keyspan). Burton's wife, Lola Lolita Burton, as the representative of his estate, was subsequently substituted as the plaintiff in this action. The defendant Keyspan moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not create the alleged roadway defect because, although it performed excavation work on the sidewalk at the subject intersection, it did not perform any work in the roadway. The Supreme Court denied Keyspan's motion and we reverse.

Contrary to the Supreme Court's determination, Keyspan established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not perform excavation work near the location of the alleged roadway defect or otherwise create the defect (see Hickman v Medina, 114 AD3d 907, 908 [2014]; Walton v City of New York, 105 AD3d 732 [2013]; Loughlin v City of New York, 74 AD3d 757, 758 [2010]; Cendales v City of New York, 25 AD3d 579, 580-581 [2006]). Among other things, Keyspan submitted Semroy Burton's testimony that the subject pothole was located in a lane of travel that was three lanes from the northern sidewalk of Atlantic Avenue, and the testimony of a Keyspan employee that Keyspan's excavation work took place on the northern sidewalk of Atlantic Avenue rather than in the roadway (cf. Cendales v City of New York, 25 AD3d at 580-581).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether Keyspan created the roadway defect. Under the circumstances of this case, the mere fact that a permit had been issued to Keyspan to perform work at the subject intersection was insufficient to raise a triable issue of fact as to whether Keyspan created the pothole (*see Cruz v Keyspan*, 120 AD3d 1290, 1291 [2014]). Further, the plaintiff's submissions demonstrated that the work performed by Keyspan took place approximately 30 feet away from the accident site (*see Garcia v City of New York*, 53 AD3d 644 [2008]).

Accordingly, the Supreme Court should have granted Keyspan's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.