Rivera v City of New York (2019 NY Slip Op 02734)





Rivera v City of New York


2019 NY Slip Op 02734


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-01009
 (Index No. 29327/10)

[*1]Ursula Maria Rivera, etc., appellant,
v City of New York, et al., defendants, Brooklyn Union Gas Company, doing business as National Grid NY, respondent.


Edelman & Edelman, P.C., New York, NY (Cleo M. Johnson of counsel), for appellant.
Joseph R. Crafa, P.C., Garden City, NY, for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 9, 2017. The order granted the motion of the defendant Brooklyn Union Gas Company, doing business as National Grid NY, for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In July 2008, Adrienne Reyes allegedly stepped in a sinkhole on 116th Avenue in South Ozone Park, Queens, causing her to fall and sustain injuries. Reyes commenced an action against the City of New York, and a separate action against Consolidated Edison Company of New York, Inc., and Brooklyn Union Gas Company, doing business as National Grid NY (hereinafter National Grid), to recover damages for personal injuries. As to National Grid, Reyes alleged that it was negligent in creating or causing the sinkhole. Subsequently, the actions were consolidated, and Ursula Maria Rivera, as administrator of Reyes's estate, was substituted as the plaintiff. National Grid then moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
National Grid established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by submitting evidence demonstrating that it had not performed any work at the location of the sinkhole for two years prior to the accident (see Lara v City of New York, 135 AD3d 712, 713; Gueli v City of New York, 92 AD3d 840; Loughlin v City of New York, 74 AD3d 757; Furey v Sayville Union Free School Dist., 36 AD3d 588). In opposition, the plaintiff failed to raise a triable issue of fact or show that disclosure would have revealed the existence of such facts (see CPLR 3212[f]; Lopez v Dobbins, 164 AD3d 776).
Accordingly, we agree with the Supreme Court's determination to grant National Grid's motion for summary judgment dismissing the amended complaint insofar as asserted against [*2]it.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court