Brown v City of New York (2019 NY Slip Op 07762)





Brown v City of New York


2019 NY Slip Op 07762


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12658
 (Index No. 7236/14)

[*1]Frederick Brown, respondent, 
v
City of New York, defendant, Harris Water Main & Sewer Contractors, Inc., appellant.


Lewis Johs Avallone Aviles, LLP, New York, NY (Thomas A. Rhatigan of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Harris Water Main & Sewer Contractors, Inc., appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated July 19, 2018. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Harris Water Main & Sewer Contractors, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly was injured when he fell from his bicycle due to a depression in the roadway at or near certain premises located on Hart Street in Brooklyn. The plaintiff commenced this action against the defendants, Harris Water Main & Sewer Contractors, Inc. (hereinafter Harris), and the City of New York, to recover damages for personal injuries. The plaintiff alleged that Harris, a subcontractor retained by a nonparty, performed repairs and maintenance at the location prior to the date of the accident and created the defective condition. Harris moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the grounds that it did not perform any work at the location where the plaintiff fell and the work it performed at a different location on Hart Street commenced after the plaintiff's accident. The Supreme Court denied the motion, and Harris appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Contrary to the Supreme Court's determination, Harris established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not perform excavation work near the location of the alleged roadway defect or otherwise create the defect (see Burton v City of New York, 153 AD3d 487; Lara v City of New York, 135 AD3d 712, 713; Cruz v Keyspan, 120 AD3d 1290, 1291). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiff's contention that a permit had been [*2]issued to Harris to open up the roadway on Hart Street in a location other than where the accident occurred was insufficient to raise a triable issue of fact as to whether Harris performed work in the roadway where the accident occurred and created the alleged defect (see Burton v City of New York, 153 AD3d 487; Cruz v Keyspan, 120 AD3d at 1291).
Accordingly, the Supreme Court should have granted that branch of Harris's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court