Cuenca v City of New York (2019 NY Slip Op 09355)





Cuenca v City of New York


2019 NY Slip Op 09355


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10582 23153/14

[*1] Misleidy Cuenca, Plaintiff-Appellant,
v
City of New York, et al., Defendants, Dominican Sisters of Hope, Inc., et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L. T. Breakstone of counsel), for appellant.
Schwab & Gasparini, PLLC, White Plains (Louis U. Gasparini of counsel), for Dominican Sisters of Hope, Inc. and Dominican Sisters Family Health Services, Inc., respondents.
Burke, Conway & Stiefeld, White Plains (Chikodi E. Emerenini of counsel), for Capri Landscaping, Inc., respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about September 27, 2017, which granted the motion of defendants Dominican Sisters of Hope, Inc. and Dominican Sisters Family Health Services, Inc. (collectively Dominican) and the cross motion of defendant Capri Landscaping, Inc. (Capri) for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, Capri's motion to dismiss the complaint denied, and otherwise affirmed, without costs.
Defendants each established their prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when she tripped and fell on the sidewalk. Dominican showed that they had no liability for plaintiff's trip and fall since plaintiff fell in front of 278 Alexander Avenue while Dominican's premises was located at 280 Alexander Avenue. Dominican relied, in part, on the expert testimony of a surveyor that shows that the location of the accident was within the property lines of 278 Alexander Avenue. Capri provided a sworn statement that it did not perform any work on the sidewalk where plaintiff fell (see Flores v City of New York, 29 AD3d 356, 358-359 [1st Dept 2006]).
In opposition, plaintiff failed to raise a triable issue of fact with respect to Dominican. The affidavit of defendant Lopez, the owner of 278 Alexander Avenue, lacked a statement indicating either the cause of plaintiff's fall, or any basis to factually dispute the exact location of the sidewalk boundaries in relation to the location of the fall (see Grullon v City of New York, 297 AD2d 261, 262-263 [1st Dept 2002]). Plaintiff has, however, raised an issue of fact regarding Capri, relying on a
work permit for sidewalk repair, issued approximately five days before the accident and covering an area that included the location of the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK