Braddy v Related Cos. (2020 NY Slip Op 06087)





Braddy v Related Cos.


2020 NY Slip Op 06087


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-07730
 (Index No. 1498/16)

[*1]Arlene Braddy, plaintiff-respondent, 
v
Related Companies, et al., defendants-respondents, First Service Networks, appellant (and a third-party action).


Fabiani Cohen & Hall, LLP, New York, NY (John V. Fabiani and Jordan Meisner of counsel), for appellant.
Anthony J. Cugini, Jr., Esq., P.C., Bronx, NY (Louis A. Badolato of counsel), for plaintiff-respondent.
London Fischer LLP, New York, NY (Anthony P. Malecki of counsel), for defendants-respondents Related Companies, Related Management Company, L.P., Gateway Center Properties Phase II, LLC, March Associates Construction, Inc., and Clear View Architectural Metal & Glass, Inc.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant First Service Networks appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 20, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant First Service Networks for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly sustained personal injuries caused by a defective door at a store located in Brooklyn. She commenced multiple actions to recover damages for personal injuries. The actions were later consolidated. The defendant Vixxo Corporation, incorrectly sued herein as First Service Networks (hereinafter Vixxo), moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order dated March 20, 2019, the Supreme Court denied Vixxo's motion. Vixxo appeals.
"Premises liability, as with liability for negligence generally, begins with duty. The existence and extent of a duty is a question of law" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13 [citations omitted]). Vixxo demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating, through its submissions, that it owed no duty of care to the plaintiff and, thus, could not be held liable for the plaintiff's alleged injuries (see Umanskaya v 4050 Nostrand Ave. Condominium, 173 AD3d 812, [*2]813; Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 601; Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831; Gueli v City of New York, 92 AD3d 840, 840). The parties opposing the motion failed to raise a triable issue of fact. Although they contended that the motion was premature, they failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition were exclusively within Vixxo's knowledge and control (see CPLR 3212[f]; Umanskaya v 4050 Nostrand Ave. Condominium, 173 AD3d at 813). Moreover, in opposition to Vixxo's prima facie showing of its entitlement to judgment as a matter of law dismissing the cross claims insofar as asserted against it, the parties opposing the motion failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have granted Vixxo's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
LEVENTHAL, J.P., MILLER, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court