Schaum v City of New York (2023 NY Slip Op 02343)

Schaum v City of New York

2023 NY Slip Op 02343

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-03134
 (Index No. 15534/12)

[*1]Jennifer Schaum, appellant, 
v
City of New York, et al., respondents, et al., defendants.

Everett J. Petersson, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown, Claibourne Henry, and Hannah Sarokin of counsel), for respondent City of New York.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondent Brooklyn Union Gas Company.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated February 7, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendant City of New York and the defendant Brooklyn Union Gas Company which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against the City of New York and Keyspan Energy Delivery N.Y.C. (hereinafter Keyspan), among others, to recover damages for personal injuries she allegedly sustained when she stepped in a pothole in the roadway of 10th Avenue between 48th and 49th Streets in Brooklyn. Subsequently, Brooklyn Union Gas Company (hereinafter the Gas Company) was substituted as a defendant in place of Keyspan. The City and the Gas Company separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. In an order dated February 7, 2020, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiff appeals.
When a municipality has adopted a prior written notice law, the municipality "cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Sanon v MTA Long Is. R.R., 203 AD3d 773, 775). Where such a local law is in effect, "[p]rior written notice of a defective condition is a condition precedent to maintaining an action against a municipality" (Schiller v Town of Ramapo, 202 AD3d 1022, 1022). To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect (see Smith v City of New York, 210 AD3d 53, 69). Once that showing is made, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an [*2]act of negligence or that a special use resulted in a special benefit to the locality'" (id. at 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Amabile v City of Buffalo, 93 NY2d 471, 474).
Here, in support of its motion, the City submitted the deposition testimony of a records searcher employed by the City Department of Transportation, who testified that the City had received only one report of a pothole in the general vicinity of the accident site, but that report described a pothole on the double yellow lines of 10th Avenue, whereas the plaintiff testified at her deposition that the pothole in which she fell was approximately two feet from the curb. Further, the records searcher testified that, in response to the pothole report, a maintenance crew inspected the area and indicated that they could not find the reported defect. Because "'[t]he awareness of one defect in the area is insufficient to constitute notice of a different particular defect which caused the accident,'" the pothole report identified by the records searcher did not constitute prior written notice of the pothole that allegedly caused the plaintiff's accident (Fisch v City of New York, 194 AD3d 786, 788, quoting Roldan v City of New York, 36 AD3d 484, 484). Thus, the City demonstrated that it did not have prior written notice of the subject pothole, thereby establishing its prima facie entitlement to judgment as a matter of law (see Ferreira v County of Orange, 34 AD3d 724, 725). In opposition to the City's showing, the plaintiff failed to raise a triable issue of fact as to whether either of the exceptions to the prior written notice rule applied (see Yarborough v City of New York, 10 NY3d at 728; Smith v City of New York, 210 AD3d at 70).
A contractor may be liable for "an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Santiago v City of New York, 191 AD3d 715, 715). Here, in support of its motion for summary judgment, the Gas Company made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not perform excavation or paving work prior to the plaintiff's accident in the area where she allegedly fell (see Igneri v Triumph Constr. Corp., 166 AD3d 737, 738; Burton v City of New York, 153 AD3d 487). The Gas Company submitted the deposition testimony and an affidavit of a consultant who personally conducted searches of the Gas Company's records. The consultant averred that all of the work the Gas Company had undertaken in the area of 10th Avenue between 48th and 49th Streets in the two years prior to the plaintiff's accident either did not involve excavation or paving, took place entirely on 49th Street, or took place entirely on the sidewalk of 10th Avenue.
In opposition, the plaintiff failed to raise a triable issue of fact. Under the circumstances of this case, the fact that a permit had been issued to the Gas Company to perform work in the general vicinity of the plaintiff's accident was insufficient to raise a triable issue of fact as to whether the Gas Company created the defect that caused the accident (see Sidoni v City of New York, 175 AD3d 526, 526-527; Burton v City of New York, 153 AD3d at 488). While the plaintiff submitted an affidavit of an engineering expert, who asserted that either the Gas Company or one of the nonmoving defendants created the pothole, that affidavit was speculative and, therefore, insufficient to defeat the Gas Company's motion for summary judgment (see Chtchannikova v City of New York, 174 AD3d 572, 574).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the motions of the City and the Gas Company which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court