(August 11, 2009)

■ LISA BRELAND, Respondent, v BAYRIDGE AIR RIGHTS, INC., et al., Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, et al., Defendants. [884 NYS2d 143]—

In an action to recover damages for personal injuries, the defendants Bayridge Air Rights, Inc., and Diversified Property Management Corp. appeal from an order of the Supreme Court, Kings County (Miller, J.), dated April 14, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff allegedly slipped and fell on a metal grate in front of a building owned by the defendant Bayridge Air Rights, Inc. (hereinafter Bayridge), and managed by the defendant Diversified Property Management Corp. (hereinafter together the appellants). The grate and the transformer vault below it were owned and maintained by the defendant Consolidated Edison Company of New York, Inc., and were located in the middle of the public sidewalk abutting the property owned by Bayridge.

"Liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property. The principle of special use, a narrow exception to the general rule, imposes an obligation on the abutting landowner, where he puts part of a public way to a special use for his own benefit and the part used is subject to his control, to maintain the part so used in a reasonably safe condition to avoid injury to others" (*Noia v Maselli,* 45 AD3d 746, 746 [2007] [internal quotation marks and citations omitted]; *see Kaufman v Silver,* 90 NY2d 204, 207 [1997]; *Minott v City of New York,* 230 AD2d 719, 720 [1996]; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 298 [1988]).

The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have exclusive access to, or the ability to exercise control over, the grate on which the plaintiff allegedly tripped and fell. In opposition, the respondents failed to raise a triable issue of fact (*see Kaufman v Silver,* 90 NY2d at 207; *Noia v Maselli,* 45 AD3d at 747; *Alexopoulos v City of New York,* 33 AD3d 828 [2006]).

Accordingly, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Florio, J.P., Miller, Covello and Balkin, JJ., concur.