■ RODNEY M. LEWIS et al., Respondents, v CITY OF NEW YORK et al., Respondents, NEW YORK PAVING, INC., Appellant-Respondent, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent-Appellant. [919 NYS2d 351]—

A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202, 205 [1950]; *Losito v City of New York*, 38 AD3d 854 [2007]; *Kleeberg v City of New York*, 305 AD2d 549, 550 [2003]). Here, the appellant Consolidated Edison Company of New York, Inc. (hereinafter Con Edison), and the defendant New York Paving, Inc. (hereinafter New York Paving), established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not perform any work in the roadway at 270 Bainbridge Street where the accident allegedly occurred (*see Kruszka v City of New York*, 29 AD3d 742 [2006]; *Maloney v Consolidated Edison Co. of N.Y.*, 290 AD2d 540 [2002]; *Verdes v Brooklyn Union Gas Co.*, 253 AD2d 552 [1998]; *Hovi v City of New York*, 226 AD2d 430 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the motion of the appellant New York Paving and the cross motion of the appellant Con Edison for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.