██ JONATHAN OTTENSTEIN, Respondent, v CITY OF NEW YORK, Respondent, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant/Third-Party Plaintiff, and TRI-MESSINE CONSTRUCTION COMPANY, INC., Defendant/Third-Party Defendant-Appellant, et al., Defendants, et al., Third-Party Defendant. [922 NYS2d 153]—

In an action to recover damages for personal injuries, the defendant/third-party defendant, Tri-Messine Construction Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated February 26, 2010, as denied its motion for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff-respondent and the defendant-respondent, and the motion of the defendant/third-party defendant, Tri-Messine Construction Company, Inc., for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against it is granted.

The plaintiff alleged that he slipped and fell on ice that accumulated in a crosswalk. He claimed that a raised asphalt patch in the crosswalk had caused water leaking from a fire hydrant to pool in the crosswalk rather than to drain into a nearby catch basin.

The defendant/third-party defendant, Tri-Messine Construction Company, Inc. (hereinafter Tri-Messine), made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it had not applied the asphalt patch which the plaintiff alleges contributed to his accident (see Loughlin v City of New York, 74 AD3d 757, 758 [2010]; Jones v City of New

*York*, 45 AD3d 735 [2007]; *Kruszka v City of New York*, 29 AD3d 742, 743-744 [2006]). Tri-Messine established, through the affidavit of its president, reports of street openings, orders for paving from the defendant/third-party plaintiff-respondent, Consolidated Edison Company of New York, Inc., and photographs that, although it had applied two asphalt patches in the vicinity of the plaintiff's accident, it had not applied the asphalt patch at issue.

In opposition, the plaintiff and the defendant City of New York failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). The expert affidavit offered by the plaintiff was speculative and conclusory (*see Romano v Stanley*, 90 NY2d 444, 451 [1997]).

Tri-Messine's remaining contention has been rendered academic in light of our determination.

Accordingly, the Supreme Court should have granted Tri-Messine's motion for summary judgment dismissing the complaint, the third-party complaint, and all cross-claims insofar as asserted against it. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.