PATRICK J. FLYNN et al., Appellants, v CITY OF NEW YORK, Defendant, and HANUS SIMONE, as Executor of RADU NEAGOE, Respondent. [923 NYS2d 635]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered April 12, 2010, as granted that branch of the motion of the defendant Hanus Simone, as executor of the estate of Radu

Neagoe, which was for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent.

The plaintiff Patrick Flynn, a firefighter, while responding to a call, located a fire hydrant in the sidewalk abutting the premises owned by the estate of Radu Neagoe (hereinafter the Estate). As he was testing the hydrant, Flynn stepped into a three-to-four-inch deep indentation in the sidewalk. Inside the indentation was a gate box containing the fire hydrant's valve. The indentation caused Flynn to lose his balance and fall to the ground. Flynn and his wife, suing derivatively, commenced this action to recover damages for personal injuries against the Estate and the City of New York, which owned the fire hydrant and the valve gate box. The Supreme Court granted the Estate's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The plaintiffs appeal from so much of the order as granted that branch of the Estate's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Section 7-210 of the Administrative Code of the City of New York generally imposes liability for injuries resulting from negligent sidewalk maintenance on the abutting property owners. However, Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) provide that owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is flush with the surrounding street surface. 34 RCNY 2-01 includes a "sidewalk" within the definition of "street." Accordingly, the responsibility for maintaining the condition of the area where Flynn fell lies with the City, and not the Estate. We agree with the Appellate Division, First Department, that there is nothing in section 7-210 of the Administrative Code of the City of New York indicating that the City Council intended to supplant the provisions of 34 RCNY 2-07 (b) and to allow a plaintiff to shift the statutory obligation of the owner of the cover or grating to the abutting property owner (*see Storper v Kobe Club*, 76 AD3d 426, 427 [2010]). Accordingly, the Estate established, prima facie, that it did not violate a statute that expressly imposes liability on it for failure to maintain the abutting sidewalk. The Estate also made a prima facie showing that it did not create the alleged dangerous condition, negligently maintain the area, or use the sidewalk in a special manner for its own benefit (*see Vucetovic v Epsom*

*Downs, Inc.*, 10 NY3d 517, 520 [2008]; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]; *Farrell v City of New York*, 67 AD3d 859, 860-861 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the Estate's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.