SECOND DEPARTMENT, JUNE, 2014

(June 4, 2014)

URSULA ALEXANDER, Respondent, v CITY OF NEW YORK, Respondent-Appellant, and LA KANE REALTY CORPORATION, Appellant-Respondent. [986 NYS2d 852]—

In an action to recover damages for personal injuries, the defendant La Kane Realty Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated October 4, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the plaintiff.

On November 14, 2008, the plaintiff allegedly was injured when she tripped and fell while walking over broken and uneven pavement in the vicinity of 238 Kane Street in Brooklyn. The plaintiff stepped onto the sidewalk from the street and fell in an area that allegedly was near or part of a tree well and was also close to a cable box cover in the pavement. Thereafter, the plaintiff commenced this action against La Kane Realty Corp. (hereinafter La Kane), the owner of the premises abutting the sidewalk at the site of the accident, and the City of New York. In their respective answers, La Kane and the City asserted cross claims against each other. Following discovery, La Kane moved, and the City cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied the motion and cross motion.

Administrative Code of the City of New York § 7-210 (hereinafter the Sidewalk Law), which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517 [2008]). For purposes of the Administrative Code, "a tree well is not part of the 'sidewalk' " (*id*. at 518-519). Consequently, "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*id*. at 521).

Furthermore, Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) provides that the owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is "flush with the surrounding street surface" (34 RCNY 2-07 [b] [3]). The definition of the term "street" includes the "sidewalk" (34 RCNY 2-01; *see Flynn v City of New York*, 84 AD3d 1018, 1019 [2011]; *Storper v Kobe Club*, 76 AD3d 426 [2010]; *Hurley v Related Mgt. Co.*, 74 AD3d 648 [2010]).

Here, the defendants each failed to demonstrate the absence of any triable issues of fact as to whether the plaintiff fell over a defective sidewalk, in a tree well, or a combination of the two (*see Vigil v City of New York*, 110 AD3d 986 [2013]; *Fusco v City of New York*, 71 AD3d 1083 [2010]). Additionally, the defendants failed to establish whether the plaintiff fell within or outside of 12 inches of the cable box cover, therefore failing to establish as a matter of law that the accident occurred within the cable box owner's zone of responsibility (*see Flynn v City of New York*, 84 AD3d at 1019). Thus, the sufficiency of the

plaintiff's opposition papers need not be addressed (*see Fusco v City of New York*, 71 AD3d at 1084).

The defendants' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court properly denied La Kane's motion and the City's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.