■ MIGUEL TORRES, Appellant, v SANDER'S FURNITURE, INC., et al., Respondents. [20 NYS3d 630]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated January 17, 2014, as granted those branches of the separate motions of the defendant Sander's Furniture, Inc., and the defendants Bela Kalman and Lazara Kalman, as trustees of the Hewes Irrevocable Trust, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when he tripped and fell on a sidewalk in Brooklyn. The plaintiff's foot became lodged inside a hydrant gate valve box that was missing its cover, thereby causing him to fall. The plaintiff commenced this action against the owners of the premises abutting the sidewalk, the defendants Bela Kalman and Lazara Kalman, as trustees of the Hewes Irrevocable Trust (hereinafter the owners), and the tenant of the abutting premises, the defendant Sander's Furniture, Inc. (hereinafter the tenant).

The owners and the tenant separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. They contended, among other things, that the City of New York owned the hydrant gate valve box that caused the plaintiff to fall, and thus, that the City was responsible for maintaining the condition of the area where the plaintiff fell. They contended that they owed no duty to the plaintiff to repair or monitor the condition of the hydrant gate valve box, and that they did not create the dangerous condition. In the order appealed from, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Section 7-210 of the Administrative Code of the City of New York imposes liability for injuries resulting from negligent sidewalk maintenance on the abutting property owners. However, Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) provides that owners of covers or gratings on a street are responsible for monitoring the condition of those covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is flush with the surrounding street surface. "34 RCNY 2-01 includes a 'sidewalk' within the definition of 'street' " (*Flynn v City of New York*, 84 AD3d 1018, 1019 [2011]; *see Alexander v City of New York*, 118 AD3d 646, 647 [2014]). Accordingly, the City, and not the defendants, was responsible for maintaining the condition of the area where the plaintiff fell (*see Flynn v City of New York*, 84 AD3d at 1019; *Storper v Kobe Club*, 76 AD3d 426, 427 [2010]). "[T]here is nothing in section 7-210 of the Administrative Code of the City of New York indicating that the City Council intended to supplant the provisions of 34 RCNY 2-07 (b) and to allow a plaintiff to shift the statutory obligation of the owner of the cover or grating to the abutting property owner" (*Flynn v City of New York*, 84 AD3d at 1019; *see Storper v Kobe Club*, 76 AD3d at 427).

The defendants established, prima facie, that the City was responsible for maintaining the area where the plaintiff fell and that they did not violate a statute that would expressly impose liability on them for a failure to maintain the abutting sidewalk. The defendants also made a prima facie showing that they did not create the alleged dangerous condition or negligently maintain the area (*see Flynn v City of New York*, 84 AD3d at 1019-1020; *Grier v 35-63 Realty, Inc.*, 70 AD3d 772, 773 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.

The plaintiff's remaining contention is not properly before this Court since it is raised for the first time on appeal. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.