In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated June 10, 2016, as granted that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against it.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, ánd that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
 

 The plaintiff alleges that she sustained injuries when she tripped and fell due to a sidewalk defect as she was walking toward a subway entrance in Brooklyn. The plaintiff commenced this action against the City of New York and the New York City Transit Authority (hereinafter the Transit Authority). The Transit Authority moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the City subsequently moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted both motions. The plaintiff appeals from so much of the order as granted that branch of the Transit Authority’s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
 

 Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) provides that owners of covers or gratings on a street, which includes the sidewalk, are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is flush with the surrounding surface (see Shehata v City of New York, 128 AD3d 944, 946-947 [2015]; Alexander v City of New York, 118 AD3d 646, 647 [2014]; Flynn v City of New York, 84 AD3d 1018, 1019 [2011]). In support of its motion, the Transit Authority submitted, among other things, the plaintiff’s notice of claim with photographs depicting the accident location, her testimony at a hearing held pursuant to General Municipal Law § 50-h, and her deposition testimony, which demonstrated that the alleged defective portion of the sidewalk was in close proximity to a manhole cover. Regardless of whether the Transit Authority owned the subject sidewalk, it failed to establish the absence of any triable issues of fact as to whether it owned the subject manhole cover or whether the plaintiff fell within the manhole cover owner’s zone of responsibility (see Alexander v City of New York, 118 AD3d at 647). Since the Transit Authority failed to establish, prima facie, its entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff’s opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
 

 Accordingly, the Supreme Court should have denied that branch of the Transit Authority’s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
 

 Hall, J.R, Roman, Cohen and Barros, JJ., concur.