Torres v 502/12 86th St., LLC (2021 NY Slip Op 04730)





Torres v 502/12 86th St., LLC


2021 NY Slip Op 04730


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-13550
 (Index No. 9821/11)

[*1]Rosa Torres, appellant, 
v
502/12 86th Street, LLC, et al., respondents, et al., defendants (and a third-party action).


Borchert & LaSpina, P.C., Whitestone, NY (Gregory M. LaSpina and Gary E. Rosenberg of counsel), for appellant.
Correia, King, McGinnis & Liferiedge (Mauro Lilling Naparty, LLP, Woodbury, NY [Anthony F. DeStefano and Catherine R. Everett], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated September 6, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants 502/12 86th Street, LLC, Gindisons, LLC, and Century Realty, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants 502/12 86th Street, LLC, Gindisons, LLC, and Century Realty, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly tripped and fell on a defective sidewalk condition abutting the property of the defendants 502/12 86th Street, LLC, Gindisons, LLC, and Century Realty, Inc. (hereinafter collectively the defendants). A metal box and a metal vault cover owned by a utility company were located at or near the accident site. The plaintiff commenced this personal injury action against, among others, the defendants. The defendants moved, inter alia, for summary judgment dismissing complaint insofar as asserted against them, contending that they could not be held liable for the accident pursuant to 34 RCNY § 2-07(b)(1) and (2). The Supreme Court, among other things, granted that branch of the defendants' motion, and the plaintiff appeals.
"Section 7-210 of the Administrative Code of the City of New York imposes liability for injuries resulting from negligent sidewalk maintenance on the abutting property owners" (Torres v Sander's Furniture, Inc., 134 AD3d 803, 804). However, "Rules of City of New York Department of Transportation (34 RCNY) § 2-07(b) provides that owners of covers or gratings on a street, which includes the sidewalk, are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is flush with the surrounding surface" (Nyack v City of New York, 153 AD3d 1266, 1266; see Roman v Bob's Discount Furniture of NY, LLC, 116 AD3d 940, 941; Flynn v City of New York, 84 AD3d 1018, 1019).
Here, the defendants failed to establish, prima facie, that the condition that allegedly caused the plaintiff to trip and fall was located within an area extending 12 inches outward from the perimeter of the metal vault cover, and that they had no duty to maintain the area where the accident occurred (see Nyack v City of New York, 153 AD3d at 1267; Alexander v City of New York, 118 AD3d 646, 647; Roman v Bob's Discount Furniture of NY, LLC, 116 AD3d at 941). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court