Thompson v Nassau County (2021 NY Slip Op 06878)





Thompson v Nassau County


2021 NY Slip Op 06878


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-01223
 (Index No. 3601/15)

[*1]Basil Thompson, et al., appellants,
v
Nassau County, et al., respondents, et al., defendants.


Drummond & Squillace, PLLC, Jamaica, NY (Stephen L. Drummond of counsel), for appellants.
Jessica Molinares Kalpakis, Acting County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent Nassau County.
Roe & Associates, New York, NY (Gregory Freedman of counsel), for respondents Eric McCullough and Audrey McCullough.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered November 15, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Nassau County and the defendants Eric McCullough and Audrey McCullough which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Eric McCullough and Audrey McCullough which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants Eric McCullough and Audrey McCullough, and one bill of costs to the defendant Nassau County payable by the plaintiffs.
The plaintiff Basil Thompson (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell as he was stepping off of a mound of snow or ice in the roadway in front of property owned by the defendants Eric McCullough and Audrey McCullough (hereinafter together the McCulloughs). The alleged injury occurred on Baldwin Road in Hempstead, a public road owned and maintained by the defendant Nassau County. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against, among others, the County and the McCulloughs. After joinder of issue and the completion of discovery, the County and the McCulloughs separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions. The plaintiffs appeal.
"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of [*2]the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Race v Village of Brewster, 185 AD3d 1071, 1071 [internal quotation marks omitted]; see Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128; Walker v County of Nassau, 147 AD3d 806, 807). There are only two exceptions to a prior written notice requirement: "[s]uch notice is obviated where the plaintiff demonstrates that the municipality created the defect or hazard through an affirmative act of negligence or that a special use conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d at 127-128 [internal quotation marks omitted]).
Here, the County established, prima facie, that it has a prior written notice law (see Nassau County Administrative Code § 12-4.0[e]), that the alleged condition falls within the ambit of that law, and that the County had no prior written notice of a defect or hazardous condition at the subject location. The burden then shifted to the plaintiffs to "demonstrat[e] either that a question of fact existed in that regard or that one of the . . . exceptions applied" (Groninger v Village of Mamaroneck, 17 NY3d at 129; see Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; Agard v City of White Plains, 127 AD3d 894, 895).
The plaintiffs' speculative assertions in opposition that the County's snow plows created the mound of snow or ice on which the injured plaintiff allegedly slipped and fell were insufficient to raise a triable issue of fact (see DiMarco v Coscia, 192 AD3d 867, 868; Lima v Village of Garden City, 131 AD3d 947, 948). Accordingly, the Supreme Court properly granted that branch of the County's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
We reach a different conclusion, however, with respect to the Supreme Court's determination granting that branch of the McCulloughs' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality, and not on the owner or lessee of abutting property (see Gibbs v Husain, 184 AD3d 809, 810). There is an exception to this general rule, however, where the landowner has affirmatively created the dangerous condition (see Ankin v Spitz, 129 AD3d 1001, 1002). The McCulloughs failed to demonstrate, prima facie, that their snow removal efforts around the time of the injured plaintiff's fall did not create or exacerbate the allegedly dangerous condition on the roadway (see Viera v Rymdzionek, 112 AD3d 915, 916; Braun v Weissman, 68 AD3d 797, 798). Accordingly, the court should have denied that branch of the McCulloughs' motion which was for summary judgment dismissing the complaint insofar as asserted against them without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The McCulloughs' contention that the injured plaintiff was the sole proximate cause of his accident was improperly raised for the first time in their reply affirmation submitted to the Supreme Court (see U.S. Bank N.A. v Mitchell, 191 AD3d 731, 733).
The parties' remaining contentions are either academic in light of our determination or without merit.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court