Thomas v City of New York (2023 NY Slip Op 02905)

Thomas v City of New York

2023 NY Slip Op 02905

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-03465
 (Index No. 15082/09)

[*1]Helen Thomas, appellant, 
v
City of New York, defendant, Consolidated Edison of New York, Inc., respondent.

Kardisch Law Group P.C., New York, NY (Josh H. Kardisch and Trishe L.A. Hayes of counsel), for appellant.
Lauren A. Jones, New York, NY (Stephen T. Brewi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered December 9, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Consolidated Edison of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2008, the plaintiff allegedly was injured when she tripped and fell in a crosswalk at a certain intersection in Queens. The plaintiff commenced this action against Consolidated Edison Company of New York, Inc. (hereinafter Con Edison), and the City of New York, alleging, inter alia, that Con Edison performed excavation and repair work at the crosswalk prior to the accident and was negligent in failing to maintain the crosswalk. Con Edison moved, among other things, for summary judgment dismissing the complaint insofar as asserted it. The Supreme Court granted that branch of Con Edison's motion. The plaintiff appeals.
"'The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it'" (Bliss v City of New York, 162 AD3d 730, 731, quoting Guzov v Manor Lodge Holding Corp., 13 AD3d 482, 483). "Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality" (Thompson v Nassau County, 200 AD3d 823, 825). However, "[a] contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Lewis v City of New York, 82 AD3d 1054, 1055).
Con Edison established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not perform work at the location of the alleged defect or otherwise create the defect that caused the plaintiff to fall (see Chtchannikova v City of New York, 174 AD3d 572, 573; Igneri v Triumph Constr. Corp., 166 AD3d 737, 739). In opposition, the plaintiff failed to raise a triable issue of fact that Con Edison created [*2]the alleged defect (see Burton v City of New York, 153 AD3d 487, 488; Ottenstein v City of New York, 83 AD3d 1024, 1025; Garcia v City of New York, 53 AD3d 644).
Accordingly, the Supreme Court properly granted that branch of Con Edison's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court