Diaz v City of New York (2023 NY Slip Op 06726)

Diaz v City of New York

2023 NY Slip Op 06726

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2021-02550
 (Index No. 513414/18)

[*1]Rosa Alvarez Diaz, plaintiff, 
v
City of New York, respondent, New York City Transit Authority, appellant, et al., defendant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Chloe K. Moon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated February 9, 2021. The order, insofar as appealed from, denied, as premature, that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant New York City Transit Authority's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted.
The plaintiff allegedly fell due to defective sidewalk conditions which were located between subway ventilation gratings. To recover damages for personal injuries that she allegedly sustained as a result of the accident, the plaintiff commenced this action against the City of New York, the New York City Transit Authority (hereinafter NYCTA), and the owner of the abutting property, James Holding Group, LLC. NYCTA moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated February 9, 2021, the Supreme Court, inter alia, denied the motion as premature, with leave to renew upon completion of
discovery. NYCTA appeals.
"The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" (Thomas v City of New York, 216 AD3d 1199, 1199 [internal quotation marks omitted]; see Bliss v City of New York, 162 AD3d 730, 731; Arpi v New York City Tr. Auth., 42 AD3d 478, 478-479). "Rules of City of New York Department of Transportation (34 RCNY) § 2-07(b) provides that owners of covers or gratings on a street, which includes the sidewalk, are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is flush with the surrounding surface" (Nyack v City of New York, 153 AD3d 1266, 1266; see Torres v 502/12 86th St., LLC, 197 AD3d 679, 680; Fajardo v City of New York, 197 AD3d 456, 458). Additionally, a party may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Chtchannikova v City of New [*2]York, 174 AD3d 572, 573; Lewis v City of New York, 82 AD3d 1054).
Here, NYCTA established, prima facie, that prior to the accident, it did not perform any work on the public sidewalk where the accident occurred and that it did not create the alleged defective sidewalk conditions that caused the plaintiff to fall (see Thomas v City of New York, 216 AD3d 1199; Fajardo v City of New York, 197 AD3d at 459). As between the plaintiff and NYCTA, the plaintiff did not dispute NYCTA's contention that the alleged defective sidewalk conditions that caused her to fall were located more than 12 inches away from the edge of the closest grating and that NYCTA did not have a duty pursuant to 34 RCNY 2-07(b) to maintain the area where the accident occurred. With respect to the City's cross-claims, the City conceded that the subway ventilation gratings at issue were part of the New York City subway system and that the City leased them to NYCTA pursuant to a lease executed by the City and NYCTA in 1953. Hence, even if the alleged defective sidewalk conditions were located within 12 inches outward from the edge of the gratings, the City, and not NYCTA, had a nondelegable duty under 34 RCNY 2-07(b) to maintain the area where the accident occurred (see Fajardo v City of New York, 197 AD3d at 459). In opposition, the City failed to raise a triable issue of fact as to whether the plaintiff's injuries arose out of or in connection with the operation, management, and control of the gratings by NYCTA and whether, consequently, NYCTA had a contractual duty indemnify the City (see Gurewitz v City of New York, 175 AD3d 658, 664).
Accordingly, the Supreme Court should have granted NYCTA's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.

2021-02550 DECISION & ORDER ON MOTION
Rosa Alvarez Diaz, plaintiff, v City of New York,
respondent, New York City Transit Authority,
appellant, et al., defendant.
(Index No. 513414/18)

Appeal from an order of the Supreme Court, Kings County, dated February 9, 2021. Motion by the appellant, inter alia, to impose sanctions upon the defendant James Holding Group, LLC, and its counsel, and cross-motion by the defendant James Holding Group, LLC, inter alia, to impose sanctions upon the appellant and its counsel on an appeal from an order of the Supreme Court, Kings County, dated February 9, 2021. By decision and order on motion of this Court dated December 16, 2022, those branches of the motion and the cross-motion which are to impose sanctions were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross-motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branches of the motion and the cross-motion which are to impose sanctions are denied.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court