Samodurova v Consolidated Edison Co. of N.Y., Inc. (2024 NY Slip Op 04337)

Samodurova v Consolidated Edison Co. of N.Y., Inc.

2024 NY Slip Op 04337

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-00512
 (Index No. 518407/18)

[*1]Lyudmila Samodurova, appellant, 
v
Consolidated Edison Company of New York, Inc., et al., defendants, Fratelli Realty Holding Co., Inc., et al., respondents (and a third-party action).

William Pager, Brooklyn, NY, for appellant.
Kevin P. Westerman, New York, NY (Keith J. Norton of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 16, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Fratelli Realty Holding Co., Inc., and Quick Check Food, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped and fell over the edge of a raised metal plate, which the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), placed over an opening in the sidewalk abutting certain property owned by the defendant Fratelli Realty Holding Co., Inc. (hereinafter Fratelli Realty), and leased to the defendant Quick Check Food, Inc. (hereinafter Quick Check), in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries. Following the completion of discovery, Fratelli Realty and Quick Check (hereinafter together the moving defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated December 16, 2022, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
Administrative Code of the City of New York § 7-210(a) generally imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." However, "Rules of City of New York Department of Transportation (34 RCNY) § 2-07(b) provides that owners of covers or gratings on a street, which includes the sidewalk, are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, and for ensuring that the hardware is flush with the surrounding surface" (Diaz v City of New York, 222 AD3d 946, 947; see Torres v 502/12 86th St., LLC, 197 AD3d 679, 680).
Here, in support of their motion, the moving defendants submitted, inter alia, a transcript of the deposition testimony of Quick Check's manager, which established that Con Ed opened up the sidewalk in front of the subject property to run power cables into the property and that Con Ed placed a metal plate, which contained its name, over the sidewalk opening. The testimony [*2]of the manager also demonstrated that the moving defendants kept the sidewalk in front of the property in good repair and that none of their employees directed or assisted Con Ed in its work on the sidewalk. The photographs depicting the accident location and a transcript of the plaintiff's deposition testimony, which the moving defendants also submitted in support of their motion, established that the metal plate had, among other things, Con Ed's name and logo on it and that the plaintiff tripped over the edge of the metal plate, which was not flush with the surrounding sidewalk. Therefore, the moving defendants demonstrated, prima facie, that the metal plate belonged to Con Ed, which was responsible for maintaining the condition of the metal plate on which the plaintiff tripped, and that the moving defendants did not violate a statute that would expressly impose liability on them for a failure to maintain the abutting sidewalk (see 34 RCNY 2-07[b]; Torres v Sander's Furniture, Inc., 134 AD3d 803, 804; Flynn v City of New York, 84 AD3d 1018, 1019). The moving defendants also made a prima facie showing that they did not create the alleged dangerous condition, negligently maintain the area, or make special use of the metal plate (see Torres v Sander's Furniture, Inc., 134 AD3d at 805; Breland v Bayridge Air Rights, Inc., 65 AD3d 559, 560). In opposition, the plaintiff failed to raise a triable issue of fact (see Kaufman v Silver, 90 NY2d 204, 208; Breland v Bayridge Air Rights, Inc., 65 AD3d at 560).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of the moving defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court