Wright v City of New York (2024 NY Slip Op 06613)

Wright v City of New York

2024 NY Slip Op 06613

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-01769
 (Index No. 717507/17)

[*1]Amanda Wright, respondent, 
v
City of New York, et al., defendants, Skanska USA, Inc., etc., appellant.

Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
Decolator, Cohen & Diprisco, Garden City, NY (Carolyn M. Canzoneri of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Skanska USA, Inc., appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 11, 2023. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Skanska USA, Inc., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted.
On the night of June 30, 2017, the plaintiff allegedly was injured when she stepped down from a curb onto the first stripe of a crosswalk and burned her left foot. Unbeknownst to her, the paint was hot. There were no signs or cones around the area. The plaintiff commenced an action against the City of New York and a separate action against J. Pizzirusso Landscaping Corp. and Skanska USA, Inc. (hereinafter Skanska USA), to recover damages for personal injuries. The two actions were consolidated. Skanska USA moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order entered January 11, 2023, the Supreme Court denied Skanska USA's motion. Skanska USA appeals.
"The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" (Bliss v City of New York, 162 AD3d 730, 731 [internal quotation marks omitted]; see Diaz v City of New York, 222 AD3d 946). "Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality" (Thompson v Nassau County, 200 AD3d 823, 825). "However, a contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Thomas v City of New York, 216 AD3d 1199, 1199 [alterations and internal quotation marks omitted]; see Lewis v City of New York, 82 AD3d 1054, 1055).
Here, Skanska USA established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against it by demonstrating that it did not perform any work at the location where the alleged accident occurred or otherwise create the defect that caused the plaintiff's injuries (see Thomas v City of New York, 216 AD3d at 1199; Chtchannikova v City of New York, 174 AD3d 572, 573). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, Skanska USA's motion was not premature.
Accordingly, the Supreme Court should have granted Skanska USA's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court