Paska v City of New York (2025 NY Slip Op 04915)

Paska v City of New York

2025 NY Slip Op 04915

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2024-07291
 (Index No. 712645/19)

[*1]Maria Paska, plaintiff, 
vCity of New York, defendant-respondent, Pericles Eliopoulos, et al., defendants-appellants.

Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for defendants-appellants.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Geoffrey E. Curfman of counsel), for defendant-respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants Pericles Eliopoulos and Chrisoula Eliopoulos appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 22, 2024. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Pericles Eliopoulos and Chrisoula Eliopoulos for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
The plaintiff allegedly was injured when she slipped and fell on snow and ice in front of property owned by the defendants Pericles Eliopoulos and Chrisoula Eliopoulos (hereinafter together the Eliopouloses) in Queens. Thereafter, the plaintiff commenced an action against the Eliopouloses and a separate action against the defendant City of New York, both to recover damages for personal injuries. The two actions were consolidated. The Eliopouloses moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The City opposed the motion, but the plaintiff did not. In an order entered May 22, 2024, the Supreme Court denied the Eliopouloses' motion. The Eliopouloses appeal.
"'The law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it'" (Wright v City of New York, 233 AD3d 1053, 1054, quoting Bliss v City of New York, 162 AD3d 730, 731; see Thomas v City of New York, 216 AD3d 1199; Guzov v Manor Lodge Holding Corp., 13 AD3d 482, 483). "Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk or street is placed on the municipality, and not on the owner or lessee of abutting property" (Farrell v City of New York, 67 AD3d 859, 860; accord Gibbs v Husain, 184 AD3d 809, 810). "There is an exception to this general rule, however, where the landowner has affirmatively created the dangerous condition" (Thompson v Nassau County, 200 AD3d 823, 826; see Farrell v City of New York, 67 AD3d at 860).
Here, the Eliopouloses made a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against them by demonstrating that the plaintiff slipped and fell in a public street, that they had no duty to maintain the street where the accident occurred, and that they did not create or exacerbate the snow and ice condition in the street that allegedly caused the plaintiff to fall (see Ankin v Spitz, 129 AD3d 1001, 1002; Guzov v Manor Lodge Holding Corp., 13 AD3d at 483). In opposition, the City failed to raise a triable issue of fact. Contrary to the City's contention, evidence that the Eliopouloses threw sand into the street in the area where the plaintiff fell did not raise a triable issue of fact with regard to whether the they created or exacerbated the snow and ice condition that allegedly caused the plaintiff to fall (see Williams v KJAEL Corp., 40 AD3d 985; Gerena v Town of Brookhaven, 280 AD2d 450, 451; cf. Thompson v Nassau County, 200 AD3d at 826).
Accordingly, the Supreme Court should have granted the Eliopouloses' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court