Shao Hua Zhong v City of New York (2025 NY Slip Op 06207)

Shao Hua Zhong v City of New York

2025 NY Slip Op 06207

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-08217
 (Index No. 702054/19)

[*1]Shao Hua Zhong, plaintiff-respondent, 
v
City of New York, et al., defendants, New York City Transit Authority, et al., defendants-respondents, Florida/Rapallo, LLC, appellant (and a third-party action).

Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for appellant.
Liakas Law, P.C., New York, NY (Scott A. Steinberg of counsel), for plaintiff-respondent.
Anna J. Ervolina, Brooklyn, NY (Adrienne Yaron of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Florida/Rapallo, LLC, appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated April 24, 2024. The order denied the motion of the defendant Florida/Rapallo, LLC, for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs to respondents appearing separately and filing separate briefs.
In January 2018, the plaintiff allegedly sustained personal injuries when she tripped and fell on a hole in the public sidewalk abutting two properties located in Flushing, one of which was owned by the defendant Florida/Rapallo, LLC (hereinafter the LLC). The plaintiff commenced this action against, among others, the LLC. Prior to the completion of discovery, the LLC moved for summary judgment dismissing amended complaint and all cross-claims insofar as asserted against it, contending that it could not be held liable for the accident on the ground that the accident did not occur on the sidewalk abutting its premises and pursuant to Rules of City of New York Department of Transportation (34 RCNY) § 2-07(b)(1) and (2). In an order dated April 24, 2024, the Supreme Court denied the motion. The LLC appeals.
Administrative Code of the City of New York § 7-210 "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonable safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797). However, Rules of City of New York Department of Transportation (34 RCNY) § 2-07(b) provides that owners of covers or gratings on a street, which includes the sidewalk, are responsible for monitoring the condition of the covers and gratings and the area extending 12 inches outward from the perimeter of the hardware, [*2]and for ensuring that the hardware is flush with the surrounding surface (see Samodurova v Consolidated Edison Co. of N.Y., Inc., 230 AD3d 818, 819; Nyack v City of New York, 153 AD3d 1266, 1266).
Here, the LLC's submissions in support of its motion failed to eliminate all triable issues of fact with regard to whether the alleged condition was situated on the sidewalk abutting its property (see Nyack v City of New York, 153 AD3d at 1267). Furthermore, the LLC failed to establish, prima facie, that the condition that allegedly caused the plaintiff to trip and fall was located within an area extending 12 inches outward from the perimeter of a metal subway grate and that it had no duty to maintain the area where the accident occurred (see id.; Alexander v City of New York, 118 AD3d 646, 647; Roman v Bob's Discount Furniture of NY, LLC, 116 AD3d 940, 941). Moreover, the LLC failed to establish, prima facie, that it did not create the alleged dangerous condition, negligently maintain the area, or cause the condition to occur as a result of a special use of the area.
Since the LLC failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the papers submitted in opposition to its motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The remaining contentions of the plaintiff and the defendants New York City Transit Authority and Metropolitan Transportation Authority need not be reached in light of our determination.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court